# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CAROLYN A. MARTINETTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-00533-CV-RK |
| | ) |
| ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **REMANDED.**

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v.*

*Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

**Discussion**

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: degenerative disc disease of the lumbar spine; asthma; hypertension; diabetes mellitus; and insomnia. The ALJ also determined that Plaintiff has the following non-severe impairments: rotator cuff impingement; anxiety; and depression. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to lift, carry, push, and pull ten pounds occasionally and less than ten pounds frequently; stand/walk two hours in an eight-hour day; sit six hours in an eight-hour day; never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, crouch, and crawl; and must avoid more than frequent exposure to extreme cold, extreme heat, wetness, humidity, vibration, fumes, dusts, odors, gases, poor ventilation, and other hazards such as machinery and heights. Although the ALJ found that Plaintiff is unable to perform any past relevant work, the ALJ determined that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

Plaintiff brings the following arguments on appeal: (1) whether there is substantial evidence to support the ALJ's RFC determination as to Plaintiff's physical and mental impairments, and (2) whether the ALJ erred at Step Four of the sequential evaluation process.

The ALJ has the responsibility to "develop the record fairly and fully, independent of the claimant's burden to press his case." *Cox v. Astrue*, 495 F.3d 614, 618 (8th Cir. 2007) (citation omitted). The records are sufficient as long as they describe the claimant's "functional limitations with sufficient generalized clarity to allow for an understanding of how those limitations function in a work environment." *Id.* at 620 n. 6. Remand is only required where the claimant "was prejudiced or treated unfairly by how the ALJ did or did not develop the record[.]" *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

First, Plaintiff argues there was not substantial evidence in the record to support the ALJ's RFC determination because there is no medical opinion evidence in the record regarding Plaintiff's

physical limitations. Defendant does not argue that there is medical evidence to support the RFC as to physical limitations; however, Defendant argues there is sufficient information in the record without a medical opinion to support the RFC determination.

Here, there is no medical opinion in the record concerning Plaintiff's functional limitations stemming from her severe physical impairments. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Cox*, 495 F.3d at 619. An ALJ is "required to consider at least some supporting evidence from a [medical] professional." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). In *Hustell v. Massanari*, the Eighth Circuit held that the ALJ's RFC assessment was not supported by "some medical evidence" in the record; therefore, remand was proper. 259 F.3d 707, 712 (8th Cir. 2001). *See also Lauer*, 245 F.3d at 704 (the court held some medical evidence "must support the determination of the claimant's [RFC], and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace"); *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) (where there is no medical evidence concerning a claimant's ability to perform light work, the ALJ has a duty to develop the record on this issue); *Chatman v. Astrue*, 2007 WL 5110319, at *8 (E.D. Mo. Mar. 16, 2007) (because no medical evidence existed to support the RFC attributed to the claimant, the ALJ had the duty to order a consultative examination to fully develop the record). On remand, the ALJ is directed to obtain a consultative medical examination concerning Plaintiff's severe physical limitations and the RFC determination.

Second, Plaintiff argues the RFC assessment as to Plaintiff's mental impairments is not supported by substantial evidence because the ALJ did not include Plaintiff's mild mental limitations in the RFC, nor explain their omission. The ALJ determined that Plaintiff had mild limitations in understanding, remembering, and applying information; mild limitations in social interaction; mild limitations in concentration, persistence, or pace; and mild limitations in adapting and managing oneself. These limitations should have been incorporated into the RFC determination or a reason provided for their omission. On remand, the ALJ should either incorporate these limitations into the RFC or provide justification for their omission. *See Clevenger v. Colvin*, 2016 WL 3911982, at *2 (W.D. Mo. July 15, 2016) (reversing where the ALJ failed to include his own findings on social limitations in the RFC determination and did not explain why they were omitted). *See also Ollila v. Colvin*, 2014 WL 7238128, at *3 (W.D. Mo.

3

Dec. 17, 2014) (the court reversed the decision of the ALJ where the ALJ failed to include any limitations related to mild difficulties maintaining social functioning); *Richardson v. Colvin*, 2017 WL 6420283, at *2 (W.D. Mo. Dec. 18, 2017) (reversing where the ALJ failed to account for marked, moderate, and other limitations).

Last, Plaintiff argues the ALJ's RFC determination at Step Four is not supported by substantial evidence. Because the ALJ's decision is remanded prior to this step, the Court need not address this argument.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision for the reasons set forth in the Commissioner's brief.

**IT IS THEREFORE ORDERED** that the decision of the ALJ is **REMANDED** for further proceedings consistent with this Order.

                                                 s/ Roseann A. Ketchmark
                                                 ROSEANN A. KETCHMARK, JUDGE
                                                 UNITED STATES DISTRICT COURT

DATED: July 8, 2019