# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CAROLYN A. MARTINETTE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-00533-CV-RK ) |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION; | ) ) ) |
| Defendant. | ) |

## ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Before the Court is Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Plaintiff successfully appealed before this Court the Commissioner's decision denying Plaintiff Social Security disability benefits. Upon this Court's July 8, 2019 Order reversing and remanding for further proceedings, the Commissioner then issued a decision favorable to Plaintiff on April 15, 2021, awarding Plaintiff $64,122.00 in past-due benefits.

The three statutory avenues for securing attorney's fees in cases involving Social Security appeals are:

1) 42 U.S.C. § 406(a) – awarded by the Commissioner for representation before the Commissioner (with a $6,000.00 cap);

2) 42 U.S.C. § 406(b) – awarded by the Court for representation before the Court (with a cap totaling 25% of past-due benefits); and

3) 28 U.S.C. § 2412 of the Equal Access to Justice Act (the "EAJA") – awarded by the Court for representation before the Court to a prevailing plaintiff in an action against the United States.

To date, attorney's fees have been awarded under the EAJA. On October 18, 2019, the Court awarded Plaintiff, pursuant to the EAJA, attorney's fees in the sum of $7,467.14. Plaintiff's Counsel now seeks attorney's fees pursuant to § 406(b).

At the inception of this case, Plaintiff and his Counsel entered into a contingency-fee agreement which provides that if Plaintiff's claim is decided favorably, Plaintiff will pay her Counsel a fee equal to 25% of the past-due benefits. (Doc. 25-3.) Although the Court previously

awarded attorney's fees in the sum of $7,467.14 under the EAJA, Plaintiff's Counsel now seeks approval from the Court for an award in the amount of $16,030.50 under § 406(b).

As relevant here, § 406(b) permits a Court to award an attorney, for representation in court proceedings, "a reasonable fee for [his or her] representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" Here, Plaintiff's Counsel asks the Court to approve a fee award pursuant to § 406(b) of $16,030.50, equal to 25% of Plaintiff's past-due benefits ($64,122.00). Defendant has no objection to Plaintiff's request.

As recognized by the parties, if the Court awards the requested attorney's fees under § 406(b), the Court must also order Plaintiff's Counsel to refund the fees in the amount of $7,467.14 previously awarded pursuant to the EAJA. Indeed, collecting or even demanding from the Plaintiff anything more than the authorized 25% allocation of past-due benefits is a criminal offense. 42 U.S.C. §§ 406(a)(5), (b)(2).

> Congress harmonized fees payable by the Government under the EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citation omitted). After independent review of the terms of the contingency-fee agreement in light of the services rendered, and in absence of any indication of substandard performance, delay, or benefits that are not in proportion to the time spent on the case, the Court concludes the requested amount in attorney's fees is reasonable. *See Gisbrecht*, 535 U.S. at 808 (identifying appropriate factors for determining reasonableness of attorney's fee awards under § 406(b) and permitting courts to reduce the fee "based on the character of the representation and the results the representative achieved").

Accordingly, it is **ORDERED** that Plaintiff's motion for determination and allowance of § 406(b) attorney's fees is **GRANTED**. Counsel is awarded attorney's fees pursuant to § 406(b) in the amount of $16,030.50, to be paid by the Social Security Administration. Plaintiff's Counsel is to refund the smaller fee amount of $7,467.14 previously awarded under the EAJA.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 22, 2022